Auria McDANIEL, Plaintiff-Appellant,

v.

TRAVELERS INSURANCE COMPANY and Cher-Ami Seafood Company, Defendants-Appellees.

No. 74–1458
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 3, 1974.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

**1190**

Aaron Frank McGee, Robert K. Guillory, Eunice, La., for plaintiff-appellant.

Edmund E. Woodley, Lake Charles, La., for defendants-appellees.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

This appeal is from summary judgment for defendants based on lack of federal jurisdiction. At the time of his injuries, appellant was the owner/operator of a shrimping vessel. He sought to invoke federal admiralty jurisdiction by alleging that his injuries resulted from breach of a maritime contract involving the disposition of his shrimp catches.[1] The court below relied on depositions and affidavits of defendant Cher-Ami's officers to determine that no contract existed, and that if one did it was not maritime in nature.

■■ Appellant has moved that this court supplement the record with his own deposition which, for some unexplained reason, was not filed with the court below by either the defendants, at whose instance the deposition was taken, or by the certifying officer, whose responsibility it was to file it. See Rule 30(f)(1), F.R.Civ.P. Assuming it had been filed appellant relied on this deposition in resisting the motion for summary judgment, and cited it in his brief to the court below.

The motion to supplement the record is hereby granted. Nonetheless, we affirm the judgment. Appellant's deposition does not raise a genuine issue of material fact, for it asserts nothing more than a typical non-binding commercial relationship whereby two parties deal with each other for so long as both of them are satisfied with each other's price, quality and service.

Affirmed.

---

1. Appellant alleged that his fall and consequent physical injuries were caused by slippery unloading areas which breached Cher-Ami's contractual duty to provide him safe facilities for the discharge of his cargo.

